**BRYAN CAVE LEIGHTON PAISNER LLP**
Martin W. Taylor, California Bar No. 149744
Kristin S. Webb, California Bar No. 258476
David J. Root, California Bar No. 307251
Wenqing Zhu, California Bar No. 358792
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone:  (949) 223-7000
Facsimile:    (949) 223-7100
E-Mail:  marty.taylor@bclplaw.com
            kristin.webb@bclplaw.com
            david.root@bclplaw.com
            wenny.zhu@bclplaw.com

Katherine Guermacheva, Bar No. 357498
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200
E-Mail:  katherine.guermacheva@bclplaw.com

Attorneys for Defendant NANO BANC, a California corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| GERALD J. MARCIL, an individual; GERALD J. MARCIL AND CAROL L. MARCIL AS TRUSTEES OF THE MARCIL FAMILY TRUST, DATED May 9, 1997; WOODGLEN APTS., LLC, a California limited liability company; ARROWHEAD STANTON APARTMENTS, LP, a California limited partnership; AZUL APARTMENTS LIMITED PARTNERSHIP, a California limited partnership; MONTERRA INVESTMENTS LP, a California limited partnership; TORRANCE TERRACE INVESTMENT, LP, a California limited partnership; PACIFICA GARDEN APTS., LP., a California limited partnership; HARBOR GREEN INVESTMENTS, LP, a California limited partnership; MARINE TERRACE INVESTMENT LIMITED, PARTNERSHIP, a California limited | Case No. 8:26-cv-01143-JFW-JDEx  **DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE**  Action Filed: May 11, 2026 Trial Date: Not set |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386



partnership; SUNSET RIDGE INVESTMENT LP, a California limited partnership; and WATERSTONE GARDEN INVESTMENTS, LP, a California limited partnership,

Plaintiff,

v.

NANO BANC, a California corporation; MAHENDER MAKHIJANI, an individual; CONTINUUM ANALYTICS, INC.; and DOES 1 through 20,

Defendants.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION AND RELEVANT LOAN DOCUMENTS......................1

II.     THE JUDICIAL REFERENCE CLAUSE IS VALID AND
        ENFORCEABLE ..........................................................................6
        A.    The Clause Satisfies the Requirements of CCP § 638...........6
        B.    The Clause Is Not Unconscionable..........................................7
        C.    Nano Has Not Waived the Right to Enforce the Clause........8

III.    PLAINTIFFS' FRAUD CLAIMS DO NOT DEFEAT
        ENFORCEABILITY OF THE JUDICIAL REFERENCE CLAUSE.............9
        A.    Fraud in the Inducement of the Overall Contract Does Not Void
              the Reference Clause...................................................10
        B.    Plaintiffs' Fraud in the Execution / Inception Argument Is Not
              Objectively Reasonable ..............................................10

IV.     THE JUDICIAL REFERENCE CLAUSE COVERS ALL
        PLAINTIFFS ..............................................................................11
        A.    Ripeness .................................................................12
        B.    Equitable Estoppel ....................................................13

V.      ENFORCEMENT OF THE REFERENCE CLAUSE CAUSES NO
        PREJUDICE TO PLAINTIFFS AND PROMOTES JUDICIAL
        ECONOMY .................................................................................14
        A.    No Prejudice.............................................................14
        B.    Judicial Economy .....................................................14

VI.     CONCLUSION .........................................................................15

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92688

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arthur Andersen LLP v. Carlisle*,
   556 U.S. 624 (2009) ...................................................................................... 11

*Badie v. Bank of Am.*,
   67 Cal. App. 4th 779 (1998) ........................................................................... 6

*California Supreme Court in Pacific Legal Foundation v. California
   Coastal Commission*,
   33 Cal. 3d 158 (1982) ................................................................................... 12

*City of Santa Monica v. Stewart*,
   126 Cal. App. 4th 43 (2005) ......................................................................... 12

*Goldman v. KPMG, LLP*,
   173 Cal. App. 4th 209 (2009) ....................................................................... 13

*Grafton Partners v. Superior Court*,
   36 Cal. 4th 944 (2005) .................................................................................... 6

*Hicks v. Utiliquest*,
   LLC, 736 F. Supp. 3d 849 (E.D. Cal. 2024) .................................................. 8

*JSM Tuscany, LLC v. Superior Ct.*,
   193 Cal.App.4th 1222 (2011) ....................................................................... 13

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936) ...................................................................................... 14

*Marcil et al. v. Makhijani et al.*,
   Case No. 26TRCV01707 ............................................................................... 14

*O'Donoghue v. Superior Court*,
   219 Cal. App. 4th 245 (2013) ......................................................................... 7

*Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US)*,
   LLC, 55 Cal. 4th 223 (2012) ...................................................................... 7, 8

*Prima Paint Corp. v. Flood & Conklin Mfg. Co.*,
   388 U.S. 395 (1967) ................................................................................. 9, 10

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92688

ii

*Quach v. California Com. Club, Inc.*,
16 Cal. 5th 562 (2024) ..................................................................................................... 9

*Rosenthal v. Great W. Fin. Sec. Corp.*,
14 Cal. 4th 394 (1996) .......................................................................................... 9, 10, 11

*Steciw v. Petra Geosciences, Inc.*,
52 Cal. App. 5th 806 (2020) ........................................................................................... 15

**Statutes**

California Code of Civil Procedure § 638 ............................................................................. 6

California Code of Civil Procedure § 638–645.1 .................................................................. 5

California Code of Civil Procedure §§ 638 *et seq* ........................................................... 1, 16

California Code of Civil Procedure § 639–645.1 ................................................................ 14

**Other Authorities**

https://therealdeal.com/magazine/december-2024/thanks-
jerry/?utm_medium=social&utm_campaign=single_content_share
&utm_source=share (2024) (last visited May 26, 2026) .................................................. 7

https://www.youtube.com/watch?v=gkhzQRhvPyc (2023) (last visited
May 25, 2026) .................................................................................................................. 7

https://www.youtube.com/watch?v=wlfTb3BA51Q (2025) (last visited
May 25, 2026) .................................................................................................................. 7

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

# I.   INTRODUCTION AND RELEVANT LOAN DOCUMENTS

Defendant Nano Banc ("Nano") respectfully responds to the Court's Order to Show Cause dated May 21, 2026.  The Court has correctly identified Section 8(d) of the September 12, 2025 Loan Amendment as a judicial reference agreement under California Code of Civil Procedure §§ 638 *et seq.*, and there is no cause for this action to proceed in any other forum.  As the Court's Order recognizes, Loan Amendments for two separate commercial loans, a $19,184,817.74 loan (the "$19MM Loan") and an $8,500,000 loan (the "$8.5MM Loan") (collectively, the "Loans") both contain a Judicial Reference clause that should be enforced.

*First*, the judicial reference clause is valid, enforceable, and covers all of Plaintiffs' claims.  The clause satisfies California's statutory requirements, was freely bargained for by sophisticated parties, is not unconscionable, and has not been waived.

*Second*, Plaintiffs' fraud allegations do not defeat the clause because those allegations are directed at the loan transactions as a whole and not at the reference provision specifically.  The clause reaches every Plaintiff: each is either a direct signatory or, in the case of the four Evariste Guaranty entities whose claims are not ripe, equitably estopped from disclaiming the reference provision because their claims are inextricably intertwined with the very Loan Documents that contain it.

*Third*, enforcement preserves all Plaintiffs' substantive rights and promotes judicial economy by allowing this Court to stay the entire action pending the referee's resolution of the claims that drive every operative fact in the case, including the predicate acts on which Plaintiffs' two federal RICO counts depend.

Accordingly, Nano respectfully submits that this action should be referred to a judicial referee pursuant to the parties' agreement and California Code of Civil Procedure §§ 638 *et seq*.  The relevant judicial reference clauses, as contained in the transaction documents executed on September 12, 2025, for the Amendment to the (1) $19MM Loan to Plaintiff Gerald J. Marcil and the Marcil Family Trust

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92688

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

dated May 9, 1997 and (2) $8.5MM Loan to Plaintiff Pacifica Garden Apts., LP, are set forth in the table below:

| Contract | Signatories Plaintiffs | Contractual Language |
|---|---|---|
| Loan Amendment dated September 12, 2025 ($19MM Loan; Ex. G to the Declaration of Daniel Patrick) | Gerald J. Marcil, individually and as trustee of the Marcil Family Trust dated May 9, 1997; Carol L. Marcil, individually and as trustee of the Marcil Family Trust dated May 9, 1997 | Section 8(d): With the exception of the matters specified in clause (ix) below, any and all Claims shall be heard by a referee and resolved by a reference proceeding pursuant to California Code of Civil Procedure (the "CCP") Sections 638 through 645.1. |
| Spousal Consent ($19MM Loan; Ex. G to the Declaration of Daniel Patrick) | Carol L. Marcil, individually and as trustee | Section 10: Agree that this Consent and the undersigned are subject to, and bound by the governing law, jury waiver, judicial reference and venue provisions set forth in the Amendment. |
| Pledge and Security Agreement ($19MM Loan; Ex. G to the Declaration of | Gerald J. Marcil, individually and as trustee; Carol L. Marcil, individually and as trustee; | Section 11.9: Pledgor acknowledges and agrees that this Agreement is subject to, governed by and to be interpreted and enforced pursuant to the Amendment to which Pledgor is a party, which agreement, among other things, includes |

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| Contract | Signatories Plaintiffs | Contractual Language |
|---|---|---|
| Daniel Patrick) | Woodglen APTS., LLC | valid, enforceable and fully effective provisions to which Pledgor is subject, including the governing law provisions, jurisdiction, venue provisions, the jury waiver provisions and the waivers. Pledgor further acknowledges and agrees, with full knowledge and understanding, that it is irrevocably and unconditionally subject to and bound by thereto and thereby, and that any actions or Claims (as that term is defined in the Amendment) which may be brought with respect to the Loan, this Agreement, the other Loan Documents or any other matters expressly subject thereto shall be governed thereby. |
| Pledge and Security Agreement- Company Consent and Acknowledgement | Arrowhead Stanton Apartments, LP; Monterra Investment LP[1]; | Section 2: Each Company agrees that, by executing this Company Consent, the Company is subject to and bound by the jury waiver, judicial reference and venue provisions set forth in the Amendment (with such provisions being deemed |

---

[1] Only ownership interests of Arrowhead Stanton Apartments, LP and Monterra Investment LP are pledged as collateral according to Pledge and Security Agreement, Section B and C.  Torrance Terrace Investment, LP and Azul Apartments, LP are not part of the pledged collateral structure, and accordingly, did not execute the Company Consent and Acknowledgement.  (Declaration of Daniel Patrick ("Patrick Decl."), ¶ 10.)

3

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| Contract | Signatories Plaintiffs | Contractual Language |
|---|---|---|
| ($19MM Loan; Ex. G to the Declaration of Daniel Patrick) | | incorporated herein as though set forth in full) with respect to the Agreement and this Company Consent and all Claims (as that term is defined in the Amendment) with respect thereto. |
| Loan Amendment dated September 12, 2025 ($8.5MM Loan; Ex. N to the Declaration of Daniel Patrick) | Pacifica Garden APTS., LP; Gerald J. Marcil, individually and as trustee; Carol L. Marcil, individually and as trustee; | Section 8(d): With the exception of the matters specified in clause (ix) below, any and all Claims shall be heard by a referee and resolved by a reference proceeding pursuant to California Code of Civil Procedure (the "CCP") Sections 638 through 645.1. |
| Spousal Consent ($8.5MM Loan; Ex. N to the Declaration of Daniel Patrick) | Carol L. Marcil, individually and as trustee | Section 10: Agree that this Consent and the undersigned are subject to, and bound by the governing law, jury waiver, judicial reference and venue provisions set forth in the Amendment. |
| Pledge and Security Agreement ($8.5MM Loan; Ex. N to the Declaration of Daniel Patrick) | Gerald J. Marcil, individually and as trustee; Carol L. Marcil, individually and as trustee; Woodglen | Section 11.9: Pledgor acknowledges and agrees that this Agreement is subject to, governed by and to be interpreted and enforced pursuant to the Amendment to which Pledgor is a party, which agreement, among other things, includes valid, enforceable and fully effective |

4

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

| Contract | Signatories Plaintiffs | Contractual Language |
|---|---|---|
| | APTS., LLC | provisions to which Pledgor is subject, including the governing law provisions, jurisdiction, venue provisions, the jury waiver provisions and the waivers. Pledgor further acknowledges and agrees, with full knowledge and understanding, that it is irrevocably and unconditionally subject to and bound by thereto and thereby, and that any actions or Claims (as that term is defined in the Amendment) which may be brought with respect to the Loan, this Agreement, the other Loan Documents or any other matters expressly subject thereto shall be governed thereby. |
| Pledge and Security Agreement-Company Consent and Acknowledgement ($8.5MM Loan; Ex. N to the Declaration of Daniel Patrick) | Pacifica Garden APTS., LP; | Section 2: Each Company agrees that, by executing this Company Consent, the Company is subject to and bound by the jury waiver, judicial reference and venue provisions set forth in the Amendment (with such provisions being deemed incorporated herein as though set forth in full) with respect to the Agreement and this Company Consent and all Claims (as that term is defined in the Amendment) |

5

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

| Contract | Signatories Plaintiffs | Contractual Language |
|---|---|---|
|  |  | with respect thereto. |

## II. THE JUDICIAL REFERENCE CLAUSE IS VALID AND ENFORCEABLE

### A. The Clause Satisfies the Requirements of CCP § 638

California Code of Civil Procedure section 638 authorizes courts to refer disputes to a referee pursuant to a written agreement between the parties. *Grafton Partners v. Superior Court*, 36 Cal. 4th 944, 960–961 (2005). To be enforceable, a reference agreement must "clearly and unambiguously show that the party has agreed to resolve disputes in a forum other than the judicial one." *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 804 (1998).

The judicial reference clauses at issue satisfy this standard. Section 8(d) of each September 12, 2025, Loan Amendment provides unambiguously that "any and all Claims shall be heard by a referee and resolved by a reference proceeding pursuant to California Code of Civil Procedure (the 'CCP') Sections 638 through 645.1." (Patrick Decl., Exs. G & N.) This language leaves no doubt that the parties agreed to resolve disputes outside the traditional judicial forum. The clause is not buried in boilerplate; it appears in a standalone section of the Loan Amendment devoted exclusively to dispute resolution. *Id*. The Spousal Consent expressly binds the undersigned to "the governing law, jury waiver, judicial reference and venue provisions set forth in the Amendment." *Id*. The Pledge and Security Agreement attached to each September 12, 2025, Loan Amendment, at Section 11.9, provides that the Pledgor "is irrevocably and unconditionally subject to and bound by" the Amendment's dispute-resolution provisions, including the judicial reference clause. *Id*. And the Company Consent and Acknowledgment confirms that each signatory

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

6

company "is subject to and bound by the jury waiver, judicial reference and venue provisions set forth in the Amendment ... with respect to the Agreement and this Company Consent and all Claims ... with respect thereto." *Id.* The repeated, express incorporation of the reference clause across four instruments eliminates any claim of ambiguity. Accordingly, the judicial reference clause satisfies all requirements for enforcement under California law.

### B.     The Clause Is Not Unconscionable

Courts treat arbitration law as "informative" to judicial reference analysis — including on unconscionability, waiver, and enforcement — while recognizing that the two procedures are distinct. *See, e.g.*, *O'Donoghue v. Superior Court*, 219 Cal. App. 4th 245, 261 (2013).

***Procedural unconscionability*** requires a showing of "oppression or surprise." *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US),* LLC, 55 Cal. 4th 223, 247 (2012). Oppression occurs where "a contract involves lack of negotiation and meaningful choice, surprise where the allegedly unconscionable provision is hidden within a prolix printed form." *Id.*

Neither oppression nor surprise is present here. Marcil is a sophisticated commercial real estate investor who has worked in the multi-family residential real estate business for over four decades and is the President of a development corporation where the total value of projects entitled and developed exceeds $1 Billion.[2] Marcil invested approximately $6 million in Nano's equity — a level of financial engagement that belies any claim of unequal bargaining power. (Compl. ¶

---

[2] Marcil's decades of experience and the scale of his real estate enterprise are matters of public record. *See* "Exclusive interview with President of Palos Verdes Investments Jerry Marcil – Multifamily Investor," https://www.youtube.com/watch?v=gkhzQRhvPyc (2023) (last visited May 25, 2026); "This 72-year-old Never Sells Real Estate (Here's Why)," https://www.youtube.com/watch?v=wlfTb3BA51Q (2025) (last visited May 25, 2026); "Thanks, Jerry: Meet the LA Landlord Who Helped Defeat the County's Progressive DA," https://therealdeal.com/magazine/december-2024/thanks-jerry/?utm_medium=social&utm_campaign=single_content_share&utm_source=share (2024) (last visited May 26, 2026).

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

7.) The $19MM and $8.5MM Loans at issue are large-scale commercial transactions of the type routinely negotiated between sophisticated parties. The judicial reference clause appears in a clearly identified, standalone section of the Loan Amendment and is expressly incorporated by reference in three additional transaction documents executed the same day. (Patrick Decl., Exs. G & N.) There is no oppression: Marcil was not a consumer presented with a take-it-or-leave-it adhesion contract but a seasoned investor engaged in a multi-million-dollar commercial lending transaction. There is also no surprise because the reference clause is prominently placed, not "hidden in a prolix printed form." *Pinnacle,* 55 Cal. 4th at 247. Plaintiffs' own Complaint undermines any unconscionability argument by alleging that Marcil had extensive dealings with Nano over a period of years and invested millions in the bank's equity — conduct wholly inconsistent with the profile of a party subjected to oppressive or surprising contract terms.

***Substantive unconscionability*** requires that the challenged terms "create overly harsh or one-sided results" or are "so one-sided as to 'shock the conscience.'" *Pinnacle*, 55 Cal. 4th, at 246.

The judicial reference clause here is bilateral: it applies equally to Nano and to Plaintiffs. It does not eliminate any substantive right, alter the applicable burden of proof, or limit available remedies. It merely designates the forum and procedure for adjudicating disputes. A dispute-resolution clause that binds both parties equally and preserves all substantive and procedural rights does not "shock the conscience" or produce "overly harsh or one-sided results." *Hicks v. Utiliquest*, LLC, 736 F. Supp. 3d 849 (E.D. Cal. 2024) (holding that agreement was not substantively unconscionable because the agreement was mutual and bilateral). Plaintiffs cannot satisfy either prong of the unconscionability analysis. Plaintiffs cannot demonstrate either procedural or substantive unconscionability sufficient to void the clause.

C.     **Nano Has Not Waived the Right to Enforce the Clause**

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

To establish waiver, the party opposing enforcement must prove by clear and convincing evidence that the waiving party "knew of the contractual right" and "intentionally relinquished or abandoned it" through conducts that are inconsistent with an intent to enforce the contractual right. *Quach v. California Com. Club, Inc.*, 16 Cal. 5th 562, 584 (2024).

Nano has not waived its right to enforce the judicial reference clause. Nano was served with the Complaint and given notice of Plaintiffs' ex parte application on the same day — May 18, 2026. Nano's opposition to the ex parte application was purely defensive and did not seek any ruling on the merits of Plaintiffs' claims. Nano has not moved to dismiss on substantive grounds, moved for summary judgment, or otherwise engaged in conduct inconsistent with its right to compel judicial reference. To the contrary, Nano's first substantive filing in this case is this very response, in which Nano expressly invokes the reference clause. Under *Quach*, that record forecloses any clear-and-convincing showing of intentional relinquishment. 16 Cal. 5th at 584.

### III. <u>PLAINTIFFS' FRAUD CLAIMS DO NOT DEFEAT ENFORCEABILITY OF THE JUDICIAL REFERENCE CLAUSE</u>

Plaintiffs' fraud allegations do not defeat judicial reference because, consistent with well-established California law, a dispute-resolution clause is treated as separable from the remainder of the contract. Under this separability principle, fraud directed at the underlying contract as a whole does not invalidate the reference agreement unless the fraud is alleged specifically against the reference clause itself. *See, e.g.*, *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402 (1967) ("arbitration clauses as a matter of federal law are 'separable' from the contracts … where no claim is made that fraud was directed to the arbitration clause itself, a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced by fraud"); *Rosenthal v. Great W. Fin. Sec. Corp.*, 14 Cal. 4th 394, 416 (1996) ("fraud in the inducement relating to other

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

contractual terms does not render the arbitration agreement unenforceable, even when it might justify rescission of the contract as a whole").  The analysis turns on two distinct theories: (1) fraud in the inducement, and (2) fraud in the execution or inception.  *Supra*, *Rosenthal.*

## A. Fraud in the Inducement of the Overall Contract Does Not Void the Reference Clause

Under California law, fraud in the inducement occurs when "the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed."  *Rosenthal*, 14 Cal. 4th at 416.  Critically, fraud in the inducement directed at the contract as a whole — rather than at the dispute-resolution clause specifically — does not render the arbitration or reference agreement unenforceable, even when it might justify rescission of the broader contract.  *Prima Paint*, 388 U.S. at 402; *Rosenthal*, 14 Cal. 4th at 416.

Plaintiffs' fraud allegations do not defeat the enforceability of the judicial reference clause.  Plaintiffs contend that Nano, Makhijani, and Continuum conspired to use loan proceeds for improper purposes, concealed the Honarkar Arbitration, and misrepresented the nature of the underlying transactions.  (Compl. ¶¶ 1–21, 69–79.)  These allegations attack the Loan Agreements generally.  They do not allege that the judicial reference clause itself was the product of fraud or that Plaintiffs were misled into agreeing to the reference provision specifically.  No allegation suggests that any Defendant made a false representation about the reference clause, concealed its existence, or induced Plaintiffs to sign the reference provision through deception.  Under *Prima Paint* and *Rosenthal*, fraud claims directed at the contract as a whole should be resolved by the agreed-upon dispute-resolution mechanism.  The reference clause should therefore be enforced.

## B. Plaintiffs' Fraud in the Execution / Inception Argument Is Not Objectively Reasonable

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

To void the entire contract, Plaintiffs must establish fraud in the execution, which requires proof that the signing party "does not know what [it was] signing." *Rosenthal*, 14 Cal. 4th at 415.  However, a contract is not void for fraud in the execution if the party "had a reasonable opportunity to discover the true terms of the contract."  *Id*. at 424.  Both California law and the Restatement hold that, if a party with reasonable opportunity to know the character or essential terms of the proposed contract fails to learn the nature of the document he signs, the contract is not void for fraud in the execution.  *Id*. at 423.  ("It follows that one party's unreasonable reliance on the other's misrepresentations, resulting in a failure to read a written agreement before signing it, is an insufficient basis, under the doctrine of fraud in the execution, for permitting that party to avoid an arbitration agreement contained in the contract.").

Plaintiffs cannot satisfy this standard.  The Complaint itself alleges that Marcil received the loan documents, including the September 12, 2025 Loan Amendments containing the reference clause, and signed them.  (Compl. ¶¶ 137–142.)  Plaintiffs do not allege that the reference clause was concealed, that the documents were physically altered, or that Marcil was prevented from reading them.  Even accepting Plaintiffs' allegations that Makhijani pressured Marcil to sign quickly, a failure to read documents before signing them is not fraud in the execution where the party had reasonable opportunity to do so.  *Rosenthal*, 14 Cal. 4th at 423.  Marcil — a sophisticated investor with decades of commercial real estate experience — had a reasonable opportunity to review the Loan Amendment and its reference clause.  His alleged failure to do so does not void the provision.

## IV.    THE JUDICIAL REFERENCE CLAUSE COVERS ALL PLAINTIFFS

All Plaintiffs except the Evariste Guaranties — Harbor Green Investments, LP; Marine Terrace Investment Limited Partnership; Sunset Ridge Investment LP; and Waterstone Garden Investments, LP — are direct signatories to the Loan Amendment containing a valid judicial reference clause.  As to the Evariste

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

Guaranties, their claims should also be referred.  The U.S. Supreme Court confirmed in *Arthur Andersen LLP v. Carlisle* that state-law contract principles govern whether a non-signatory may be bound to a dispute-resolution agreement. 556 U.S. 624, fn. 6 (2009) ("where state law permits it, a third-party claim is 'referable to arbitration under an agreement in writing.'")

### A.    Ripeness

California courts apply the two-pronged ripeness test adopted by the *California Supreme Court in Pacific Legal Foundation v. California Coastal Commission*, 33 Cal. 3d 158, 171 (1982), which requires evaluation of: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration.  Courts decline to adjudicate a dispute where "the abstract posture of the proceeding makes it difficult to evaluate the issues" or where "the court is asked to speculate on the resolution of hypothetical situations."  *City of Santa Monica v. Stewart*, 126 Cal. App. 4th 43, 64 (2005).  Under the hardship prong, "the courts will not intervene merely to settle a difference of opinion; there must be an imminent and significant hardship inherent in further delay."  *Id*.

The Evariste Guaranties' claims are not ripe for adjudication.  These entities provided guaranties in connection with an existing loan relating to Evariste, not the $19MM Loan or the $8.5MM Loan.  (Compl. ¶¶ 145, 148–149.)  Their claims against Nano are predicated on the Evariste Guaranties being called on and enforced, which has not occurred as of the date of this filing.  (Patrick Decl., ¶ 18.)  To the extent that those guaranties have not been triggered, these entities have suffered no concrete injury, and their claims present precisely the type of "hypothetical situation" that courts decline to adjudicate.  *City of Santa Monica*, 126 Cal. App. 4th at 64.  Nor is there "imminent and significant hardship inherent in further delay."  *Id*.  These claims should be dismissed or stayed as unripe rather than litigated in federal court.  Until the guaranties are called and a concrete dispute arises, the Evariste Guaranty entities' claims against Nano are premature.

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

### B.   <u>Equitable Estoppel</u>

Even if the Evariste Guaranties' claims are considered ripe, those entities are equitably estopped from avoiding the judicial reference clause.  Under California law, "[t]he sine qua non for allowing a nonsignatory to enforce an arbitration clause based on equitable estoppel is that the claims the plaintiff asserts against the nonsignatory are dependent on or inextricably bound up with the contractual obligations of the agreement containing the arbitration clause." *Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 213-14 (2009).  The doctrine applies when "the allegations of interdependent misconduct [are] founded in or intimately connected with the obligations of the underlying agreement." *Id*. at 219. "When a plaintiff brings a claim which *relies on contract terms* against a defendant, the plaintiff may be equitably estopped from repudiating the arbitration clause contained in that agreement." *JSM Tuscany, LLC v. Superior Ct.,* 193 Cal.App.4th 1222, 1239 (2011) (original emphasis).  Where, "plaintiff is suing on a contract— on the basis that, even though the plaintiff was not a party to the contract, the plaintiff is nonetheless entitled to recover for its breach, the plaintiff should be equitably estopped from repudiating the contract's arbitration clause." *Id*. at 1239-40.

Here, the Evariste Guaranties' claims are inextricably intertwined with and depend on the $8.5MM Loan Documents, which contain the reference provision. The Evariste Guaranties allege that Nano's improperly disbursed the $8.5MM Loan proceeds without proper authorization, which could encumber their collateralized obligations and guaranties to another existing loan.  (Compl. ¶¶ 145–157.)  These allegations are "founded in or intimately connected with the obligations of the underlying agreement" — namely, the $8.5MM Loan Documents.  *Goldman*, 173 Cal. App. 4th at 219.  Because the Evariste Guaranties' claims arise directly from the alleged fraud in the Loan Documents containing the reference clause, equitable estoppel compels their participation in the judicial reference proceeding.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

## V.     <u>ENFORCEMENT OF THE REFERENCE CLAUSE CAUSES NO PREJUDICE TO PLAINTIFFS AND PROMOTES JUDICIAL ECONOMY</u>

### A.     <u>No Prejudice</u>

Enforcement of the judicial reference clause does not deprive Plaintiffs of any substantive right.  A judicial reference proceeding preserves the right to present evidence, conduct discovery, cross-examine witnesses, and obtain a statement of decision.  The referee applies the same substantive law as a court, and the referee's decision is subject to judicial review on the same basis as a court judgment.  Plaintiffs retain every procedural and substantive protection they would have in a traditional judicial proceeding.  Cal. Civ. Proc. Code § 639–645.1.

Enforcement of the reference clause is also supported by the existence of parallel state court proceedings.  Gerald Marcil and the Marcil Family Trust (with Jason Marcil and Ryan Marcil) have filed a separate state court action against Makhijani and Continuum in Los Angeles County Superior Court on May 12, 2026, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, promissory fraud, conversion, intentional interference with economic advantage, breach of fiduciary duty, fraudulent misrepresentation and concealment, unfair business practices, and financial elder abuse.  *See Marcil et al. v. Makhijani et al.*, Case No. 26TRCV01707.  The existence of this parallel proceeding — involving overlapping parties, overlapping facts, and overlapping legal theories — underscores the efficiency of referring Plaintiffs' state-law claims against Nano to a judicial referee rather than litigating them in federal court.

### B.     <u>Judicial Economy</u>

A stay of the entire action — including the two federal RICO claims — is the most efficient and orderly path forward, and falls squarely within this Court's inherent power.  *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").  Plaintiffs' eleven state-law claims and their two federal RICO counts are not separate disputes; they arise from the same loan transactions, the same alleged conspiracy, and the same operative facts.  The RICO claims are pleaded with predicate acts of wire fraud, mail fraud, and financial-institution fraud (Compl. ¶¶ 162–175) that mirror the state-law fraud claims now headed to the referee.  Resolution of the state-law claims will determine whether the predicate acts occurred at all.  Allowing the RICO claims to proceed in parallel would invite three problems:  (1) duplicative discovery on identical facts, (2) the risk of inconsistent factual findings between this Court and the referee, and (3) the prospect that this Court could expend substantial resources on RICO claims that may evaporate once the referee adjudicates their state-law underpinnings.  A stay avoids all three.  And it imposes no meaningful hardship on Plaintiffs, who chose to contract for reference of "any and all Claims" in the first place and who will obtain a complete, reviewable adjudication of the predicate factual disputes through the very forum they agreed to.  Courts routinely enforce judicial reference agreements as contractual choices of forum and stay related claims pending the referee's decision.  *See, e.g.*, *Steciw v. Petra Geosciences, Inc.*, 52 Cal. App. 5th 806 (2020) (granting motion to compel a judicial reference and stayed the action pending the outcome of the judicial reference proceedings).  The clause was bargained for by sophisticated commercial parties precisely to achieve this kind of efficient, single-forum resolution.  The Court should give it full effect by staying every claim.

## VI.    <u>CONCLUSION</u>

As the Court's Order itself reflects, the operative contractual language is clear and unambiguous: the parties agreed that "any and all Claims shall be heard by a referee and resolved by a reference proceeding."  That agreement was made in writing, executed by sophisticated commercial parties, incorporated expressly across four separate transaction instruments, and covers all disputes arising from

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

the Loans and related documents.  The judicial reference clause is a considered, arm's-length choice of forum, and it should be enforced as written.  None of Plaintiffs' anticipated objections withstand scrutiny.  The clause is not unconscionable; Marcil is a sophisticated commercial actor who invested millions in Nano's equity, and the Plaintiff entities negotiated large-scale commercial loans through him.  Nano has not waived its rights; it has taken no action inconsistent with enforcement of the clause.  Plaintiffs' fraud allegations target the loan transactions broadly, not the reference provision itself.  All Plaintiffs — whether direct signatories or entities whose claims are inextricably intertwined with the Loan Documents — are bound by the clause.  And, with the exception of a jury trial, enforcement allows Plaintiffs to retain every substantive and procedural right they would have in court.  The Court should enforce the judicial reference clause, stay this action in its entirety pending completion of the reference proceeding, and refer all of Plaintiffs' Claims to a referee for resolution.

For the reasons above, Nano respectfully asks the Court to answer the Order to Show Cause by entering an order: (1) staying this action in its entirety pending completion of the judicial reference proceeding; and (2) compelling Plaintiffs to submit all Claims, as that term is defined in the Loan Amendments, to a reference proceeding before a retired California state court judge or justice, under California Code of Civil Procedure §§ 638 *et seq.*

Dated:  May 26, 2026

**BRYAN CAVE LEIGHTON PAISNER LLP**


By:  */s. David J. Root*
        David J. Root
Attorneys for Defendant NANO BANC

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE

## Certificate of Compliance

The undersigned, counsel of record for Defendant certifies that this brief contains 4385 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 26, 2026

**BRYAN CAVE LEIGHTON PAISNER LLP**

By:  */s/ David J. Root*
David J. Root
Attorneys for Defendant NANO BANC

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

DEFENDANT NANO BANC'S RESPONSE TO ORDER TO SHOW CAUSE